IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

DENNIS MCGOUGH            )
                          )
    Plaintiff,            )
                          )
    v.                    )   No. 1:07-0039
                          )   Judge Campbell/Bryant
CORRECTIONS CORPORATION OF)
AMERICA, et al.,          )
                          )
    Defendants.           )

To: The Honorable Todd Campbell, District Judge

**REPORT AND RECOMMENDATION**

I. Introduction

By order entered October 19, 2007 (Docket Entry No. 74), this civil rights lawsuit was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) for decision on all pretrial matters and for report and recommendation on all dispositive motions.

Plaintiff Dennis McGough ("Plaintiff" or "McGough"), who was at all relevant times an inmate in custody of the Tennessee Department of Correction ("TDOC"), filed this lawsuit on May 25, 2006, seeking relief pursuant to 42 U.S.C. § 1983. (Docket Entry No. 1). On October 19, 2007, the District Court dismissed Plaintiff's claims against Correction Corporation of America ("CCA"), Cherry Lindamood, Debra Casteel, Larry Staggs, Leigh Kilzer, Sonya Hefner, Lisa Edwards, and Burton Brooks. (Docket

1

Entry No. 74). The court did not dismiss the retaliation claims against Defendants Alesia Gobbell, Stephanie Pool, and Michael Parrish (collectively, "Defendants"). (Docket Entry No. 74). On February 26, 2008, Defendants filed a Motion for Summary Judgment, Memorandum in Support of Motion for Summary Judgment, and Statement of Undisputed Material Facts in Support of the Motion for Summary Judgment. (Docket Entry Nos. 87-89). Plaintiff did not timely file a response. In addition to the above dispositive motion, there is currently pending in this case Defendants' Motion to Dismiss for Failure to Comply with an Order of the Court, and supporting Memorandum of Law, filed April 14, 2008. (Docket Entry Nos. 96-97).

For the reasons stated herein, the Magistrate Judge recommends that Defendants' Motion for Summary Judgment be **GRANTED**, that Defendants' Motion to Dismiss be **DENIED** as moot, and that Plaintiff's complaint be **DISMISSED**.

## II. Relevant Undisputed Facts

Defendants currently hold employment at the South Central Correctional Center ("SCCC"). Alesia Gobbell serves as a job coordinator, Stephanie Pool serves as a counselor, and Michael Parrish serves as a Unit Manager. On May 25, 2007, Plaintiff filed a complaint against Defendants alleging violations of 42 U.S.C. § 1983. In particular, Plaintiff alleges that Defendants retaliated against him for filing a grievance against Larry

Staggs ("Staggs"), a correctional officer at SCCC.

The grievance resulted from a July 25, 2006 incident in which Mr. Staggs allegedly threatened Plaintiff. Complaint p.4. In particular, Plaintiff alleges that Mr. Staggs threatened him because Plaintiff intended to sign up for sick call due to a back injury he suffered on the job. Id. In addition to this grievance, Plaintiff filed a Job Request on July 31, 2006, requesting removal from Mr. Staggs's work crew to residential construction technology. Compl. p.4; Gobbell Aff. ¶ 11. Accordingly, on August 4, 2006, Ms. Gobbell added Plaintiff's name to the appropriate job register. Gobbell Aff. ¶ 12. However, on August 17, 2006, Plaintiff received a Class B Health Classification, limiting him to light work only. Id. ¶ 13. Plaintiff was prohibited from accepting a job in residential construction technology due to its physical labor requirements. Id. His name was subsequently removed from the residential construction technology job register on September 8, 2006. Id. ¶ 14. On October 31, 2006, Plaintiff received assignment to adult basic education, which he had also requested via a Job Request on July 31, 2006, and again on August 13, 2006. Id. ¶¶ 15, 17.

### III. Conclusions of Law

#### A. Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment may be granted "if the pleadings, the

3

discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In order to prevail, the movant has the burden of proving the absence of a genuine issue of material fact as to an essential element of the opposing party's claim. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The substantive law governing the claims will identify which facts are material. In determining whether the movant has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

In order to defeat the motion, the nonmoving party is required to show, after an adequate time for discovery, that there is a genuine issue of fact as to every essential element of that party's case upon which he will bear the burden of proof at trial. Celotex Corp., 106 S.Ct. at 2553. In making this showing, the nonmoving party may not merely rest on conclusory allegations contained in the complaint, but must produce affirmative evidence supporting his claims. Id. In order to create a genuine factual issue, the nonmoving party must show that "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v.

4

Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 2511, 91
L.Ed.2d 202 (1986).

### B. Plaintiff's Retaliation Claim Under 42 U.S.C. § 1983

Plaintiff alleges that Defendants retaliated against him for filing a grievance against Mr. Staggs, thereby violating his First Amendment right to "petition the Government for redress of grievances." U.S. Const. amend. I. In particular, Plaintiff contends that Defendants denied him placement in a job and that Mr. Parrish, additionally, denied him copies of his previously filed grievances as well as an indigent hygiene pack.

Defendants, in their Memorandum in Support of Motion for Summary Judgment, cite law from this circuit for the proposition that a plaintiff alleging retaliation must demonstrate that "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) . . . the adverse action was motivated at least in part by the plaintiff's protected conduct." Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999).

However, before beginning this analysis, Plaintiff's failure to respond to Defendant's Motion for Summary Judgment must be addressed. In this district, the local rules state that "[f]ailure to file a timely response shall indicate that there is no opposition to the motion." M.D. TENN. R. 7.01(b). In

5

addition, Rule 56(e)(2) of the Federal Rules of Civil Procedure states that "[i]f the opposing party does not so respond, summary judgment should, if applicable, be entered against that party." FED. R. CIV. P. 56(e)(2).  It is clear from these rules that the failure to respond to a motion is justification for the court granting that motion.  Because Plaintiff did not file a response, the court may grant Defendant's Motion for Summary Judgment on procedural grounds alone.

In addition, Plaintiff has failed to show by competent proof the existence of a genuine issue of material fact.  While Plaintiff's filing of a nonfrivolous grievance[1] is indisputably protected conduct, Thomas v. Eby, 481 F.3d 434, 440 (6th Cir. 2007), Plaintiff has not provided any evidence, other than allegations from his pleadings, establishing that he was the subject of adverse action by Defendants or that there is a casual connection between his grievances and his employment situation.  Defendants, on the other hand, offer three affidavits, printouts of various TDOC policies, and relevant case law to show that their conduct does not constitute retaliation against Mr. McGough.

---

[1] While Defendants argue the frivolity of Plaintiff's grievances, there is some evidence to suggest a factual dispute in regards to Plaintiff's alleged back injury.  For example, on August 17, 2006, the SCCC medical department granted Plaintiff a Class B Health Classification, restricting him to light work only.  Gobbell Aff. ¶ 13.  However, as Plaintiff is unable to show adverse action or a causal connection which could indicate retaliation, this potential factual dispute becomes a nonissue for the court.

6

Defendants show that Ms. Gobbell denied Plaintiff assignment to certain jobs because he was unqualified or because there was no availability, not in retaliation for filing a grievance against Mr. Staggs. Gobbell Aff. ¶ 18. For example, Mr. McGough could not work with residential construction technology because of his health classification. Id. ¶¶ 13-14. Similarly, Mr. McGough could not serve as a clerk because he had not completed his General Education Development ("GED"). Id. ¶¶ 26-28. Defendants also show that Mr. Parrish denied Plaintiff an indigent pack because he did not qualify to receive one, not because he filed a grievance. Parrish Aff. ¶ 12. Mr. Parrish handed out indigent packs on November 17, 2006 to qualified inmates in accord with TDOC policy. Id. Because Plaintiff was not on the list, he was not eligible to receive a pack. Id. Defendants further show that Mr. Parrish did not deny Plaintiff access to copies of his grievances in retaliation for the incident with Mr. Staggs, but rather, Mr. Parrish refused Plaintiff copies in accord with TDOC policy restrictions. Id. ¶¶ 4-6. TDOC policy prohibits an inmate from receiving copies of ongoing grievances. Id. ¶ 5. Furthermore, Defendants show that Ms. Pool and Mr. Parrish had no authority over Plaintiff's job assignment and thus could not take adverse action against him in the form of employment discrimination. Pool Aff. ¶ 3; Parrish Aff. ¶ 3. Because Plaintiff did not file a response, he cannot

rebut the facts and affidavits as presented to the court by Defendants. To his detriment, Plaintiff relies solely on allegations from his pleadings, which is not enough to avoid summary judgment.

Furthermore, Defendants have produced enough affirmative evidence to meet the burden for summary judgment, even if Plaintiff was engaged in a protected activity and suffered adverse action. Celotex Corp., 106 S.Ct. at 2553; See Thaddeus-X, 175 F.3d at 394. The evidence presented in three affidavits and TDOC policy printouts indicates that Defendants "would have taken the same action in the absence of the protected activity." Thaddeus-X, 175 F.3d at 399. Unlike in Thaddeus-X, where the defendants merely denied the plaintiff's allegations, here, Defendants have offered substantive evidence to counter the assertions in Plaintiff's complaint. Id. On these grounds, Plaintiff cannot sustain his retaliation claim against Defendants and therefore may not proceed past summary judgment.

## IV. Recommendation

In light of the foregoing, the Magistrate Judge recommends that Defendants' Motion for Summary Judgment be **GRANTED**, that Defendants' Motion to Dismiss be **DENIED** as moot, and that Plaintiff's complaint be **DISMISSED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and

Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), reh'g denied, 474 U.S. 1111 (1986); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc.).

      **ENTERED** this 28th day of July, 2008.

    s/ John S. Bryant
John S. Bryant
United States Magistrate Judge